**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JAN 11 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ERIC FRANCISCO VALENCIA, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 22-1687 <br><br> Agency No. <br> A200-157-127 <br><br> MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2024**
Pasadena, California

Before: CHRISTEN and BENNETT, Circuit Judges, and KATZMANN,*** Judge.

Eric Francisco Valencia ("Francisco Valencia"), a native and citizen of

Mexico, illegally entered the United States around 2000. On March 6, 2020, he

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\*\* The Honorable Gary S. Katzmann, Judge for the United States Court of International Trade, sitting by designation.

was convicted of attempted robbery in violation of Cal. Penal Code §§ 211[1] and 664[2] and was sentenced to 16 months in prison. In removal proceedings, Francisco Valencia requested relief in the forms of withholding of removal and protection under the Convention Against Torture ("CAT").[3] An immigration judge ("IJ") denied relief. The Board of Immigration Appeals ("BIA") issued a final order of removal and dismissed Francisco Valencia's appeal. Francisco Valencia petitions for review of the BIA's final order of removal. Exercising jurisdiction under 8 U.S.C. § 1252, we dismiss in part, and deny in part, the petition for review.

1. In reviewing the agency's particularly serious crime determination, we are limited to determining whether the agency applied the correct legal standard. *See Flores-Vega v. Barr*, 932 F.3d 878, 884 (9th Cir. 2019). "Where, as here, the BIA has reviewed the IJ's decision and incorporated portions of it as its own, we treat the incorporated parts of the IJ's decision as the BIA's." *Molina-Estrada v. INS*, 293 F.3d 1089, 1093 (9th Cir. 2002). Because the agency applied the correct legal standard, we lack jurisdiction to consider whether it erred in

---

[1] Cal. Penal Code § 211 provides: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear."

[2] Cal. Penal Code § 664 provides: "Every person who attempts to commit any crime, but fails, or is prevented or intercepted in its perpetration, shall be punished where no provision is made by law for the punishment of those attempts . . . ."

[3] He also requested asylum but later conceded that he was ineligible for asylum.

finding that Francisco Valencia's attempted robbery conviction constituted a "particularly serious crime."[4]  *See Flores-Vega*, 932 F.3d at 884.  We determine our jurisdiction de novo.  *Guerrier v. Garland*, 18 F.4th 304, 308 (9th Cir. 2021).

Here, the agency applied the standard set forth in *Matter of Frentescu*, 18 I. & N. Dec. 244, 247 (BIA 1982).  *See also Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2014) (quoting *Matter of Frentescu*, 18 I. & N. Dec. at 247).  The IJ stated that the seriousness of a crime is judged by looking at factors such as "the nature of conviction, the circumstances underlying the conviction, the type of sentence imposed, and, most importantly, whether the type and circumstances of the crime indicate that the alien will be a danger to the community."  Applying that standard, the agency determined that Francisco Valencia committed a particularly serious crime based on "the elements of the crime (a forcible taking from the person of another), the sentence (16 months), and the injuries to the victim (the security guard who attempted to stop him from stealing the bottle of alcohol)."

On appeal, Francisco Valencia does not appear to argue that the agency misapplied the legal standard.  His argument primarily consists of a single paragraph:

> Without diminishing the seriousness of the crime, [Francisco Valencia] was intoxicated at the time of the incident.  Unfortunately,

---

[4] A noncitizen who has been convicted of a particularly serious crime is statutorily ineligible for withholding of removal under both 8 U.S.C. § 1231(b)(3)(B)(ii) and under CAT, 8 C.F.R. § 1208.16(d)(2).

the intoxication adversely altered his behavior. He does not have other similar incidents where he has assaulted another individual. It was an unfortunate incident that got out of hand. [He] did not have a similar incident after being convicted of this crime.[5]

Because we cannot discern from this series of statements any challenge to the correctness of the legal standard that the agency applied, we lack jurisdiction.[6]

---

[5] Francisco Valencia's opening brief also states:

> Regarding the incident that led to his conviction, [Francisco Valencia] testified: "I was pretty much, I was in this like area where there's a lot of bars and I was walking through there and I wasn't in the right state of mind and I thought it would be easy to just hop over the bar counter and grab a bottle of alcohol because there was nobody there. And I reached for the bottle and then I like came back over and the security guard saw me, and he told me to stop and I didn't stop and I don't know, like just freaked out and I threw a bottle at him and that was it. . . ."

[6] Even assuming that this paragraph could be construed as a legal challenge to the agency's particularly serious crime finding, Francisco Valencia still has failed to establish that the agency committed any legal error in its determination. *See, e.g.,* *Flores-Vega*, 932 F.3d at 884 ("[W]e review whether 'the agency relied on the appropriate factors and proper evidence to reach [its] conclusion.'" (second alteration in original) (quoting *Avendano-Hernandez v. Lynch*, 800 F.3d 1072, 1077 (9th Cir. 2015))). First, Francisco Valencia cites no case law that suggests that the IJ was required to consider more than the crime at issue or consider factors such as Francisco Valencia's rehabilitation or how he was adversely affected by intoxication. Second, Francisco Valencia's claim that "the intoxication adversely altered his behavior" was not before the IJ. Last, the IJ stated that "[t]here has been no evidence offered with regard to potential rehabilitation, although not a significant factor to [the] analysis." In fact, after his conviction for attempted robbery, Francisco Valencia was arrested and convicted of felony vandalism and petty theft, for which he was sentenced to 16 months in prison and 208 days in jail, respectively. Francisco Valencia's criminal record directly contradicts his claim of rehabilitation.

2. The agency did not err in determining that Francisco Valencia was not eligible for deferral of removal under CAT.[7]  We review factual findings under the deferential "substantial evidence" standard.  *See INS v. Elias-Zacarias*, 502 U.S. 478, 481 (1992).  Francisco Valencia "must demonstrate that he would be subject to a '*particularized threat* of torture.'"  *Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) (quoting *Lanza v. Ashcroft*, 389 F.3d 917, 936 (9th Cir. 2004)).

Here, the BIA reasoned:

The [IJ] found no past torture in part because the domestic abuse that [Francisco Valencia] suffered at the hands of his father was not instigated by, consented to, or acquiesced to, by the government.  When the police were notified of the domestic abuse, an arrest warrant was issued for the perpetrator, who fled, resulting in the perpetrator having no further physical contact with the family.  The [IJ] also found no particularized threat of future torture due to domestic abuse because [Francisco Valencia] does not know where his father is and, even if [Francisco Valencia] were to encounter him on return to Mexico, more than 20 years later, his father would be unlikely to recognize him and would be unlikely to be able to inflict harm on him, because he is no longer a child.

---

[7] Conviction of a particularly serious crime does not bar a petitioner from seeking deferral of removal (as opposed to withholding of removal) under CAT.  *See* 8 C.F.R. § 1208.17; *Flores-Vega*, 932 F.3d at 884 ("The only immigration relief available to a noncitizen convicted of a 'particularly serious crime' is deferral of removal under CAT . . . .").

On appeal, Francisco Valencia does not appear to challenge these findings. Instead, he points to the following: (1) the most recent Mexico Country Report states that many crimes in Mexico were either unreported or not investigated; (2) there were reports that some government agents were complicit with international organized criminal gangs, and prosecution and conviction rates were low; and (3) he believes that the Mexican government is unable and refuses to protect its population. But this evidence fails to show that any of these potential harms are *particularized*. *See Garcia v. Wilkinson*, 988 F.3d 1136, 1148 (9th Cir. 2021) ("[S]peculative fear of torture is insufficient to satisfy the 'more likely than not' standard.").

**PETITION FOR REVIEW DISMISSED IN PART AND DENIED IN PART.**[8]

---

[8] The temporary stay of removal remains in place until the mandate issues. The motion to stay removal (Dkt. 2) is otherwise denied.